## FOURTH DEPARTMENT, JULY, 1957

### (July 12, 1957)

F. RICHARD BORNHURST, Appellant, v. EDMUND A. STEARNS et al., Doing Business as ED STEARNS & SON AUTO SALES, Respondents, and GEORGE DANIELS, Appellant.

Appeals by plaintiff-appellant and defendant-appellant (1) from an order of the Supreme Court at Trial Term, entered May 1, 1956, in Onondaga County which granted a motion by defendants-respondents for an order setting aside the jury verdict and dismissing the complaint as to the defendants-respondents and (2) from the judgment entered thereon.

*Per Curiam.* This action arises out of a collision between two automobiles.

The sole question for determination involves the ownership of the defendant vehicle. The question of ownership arises out of negotiations entered into between the defendants Stearns doing business as Ed Stearns & Son Auto Sales and the codefendant, George Daniels, for the purchase of a car by said Daniels. The defendant vehicle was being operated at the time of the collision by the defendant, George Daniels.

Plaintiff claims title to that vehicle was, at the time of the collision, in the Ed Stearns & Son Auto Sales as a result of the negotiations between the codefendant Daniels and the defendant Ed Stearns & Son Auto Sales.

In our opinion, the question of ownership of the defendant vehicle was one of fact for the determination of the jury. The jury found that title to the defendant vehicle formerly owned by Daniels had passed to Ed Stearns & Son Auto Sales as part payment on a second hand Cadillac car allegedly purchased by Daniels, and returned a verdict in favor of the plaintiff against all defendants in the sum of $25,000. Upon motion, the trial court set aside the verdict and dismissed the complaint as against the defendants Ed Stearns & Son Auto Sales. Plaintiff appeals.

The order appealed from and the opinion of the trial court when considered together are confusing as to whether the court not only passed upon the reserved motion to dismiss the complaint but also decided the motion to set aside the

verdict as against the weight of the credible evidence. There is authority that when it appears the Trial Judge has not passed upon a motion to set aside the verdict the case should be remitted (*Cobb* v. *Mutual Life Ins. Co.*, 275 App. Div. 626 and cases therein cited). On the other hand, it has been held that where the trial court dismisses a complaint after the coming in of a verdict without specifically passing upon the motion to set aside the verdict, the order of dismissal necessarily carries with it, by implication, a setting aside of the jury's verdict. (*Vanderhule* v. *Berinstein*, 285 App. Div. 290; 284 App. Div. 1089.)

Upon the record before us we conclude that the trial court passed upon the motion to set aside the verdict but did not implement the decision because of its more sweeping determination, dismissing the complaint. In our opinion, the jury verdict is against the weight of the evidence but we conclude that the trial court was in error in dismissing the complaint.

It follows that the judgment should be reversed on the law and facts and a new trial granted as to the defendants, Ed Stearns & Son Auto Sales, and the order should be modified by striking therefrom the second ordering paragraph and as so modified, the order should be affirmed, without costs of this appeal to any party.

All concur, except Williams, J., who dissents and votes for affirmance on on the ground that the dismissal of the complaint was proper in that plaintiff failed as a matter of law to prove that title of the automobile in question was ever transferred to the defendants Stearns. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Judgment reversed on the law and facts and a new trial granted to the defendants, Stearns and others, doing business as Ed Stearns & Son Auto Sales, and the order modified by striking therefrom the second ordering paragraph thereof and as modified affirmed, without costs of this appeal to any party.